UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>STEPHANIE A. GALLAGHER<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7780<br>Fax (410) 962-1812 |

December 7, 2011

LETTER TO COUNSEL

      RE:    Sharon Thomas v. Commissioner, Social Security; Civil No. SAG-10-1828

Dear Counsel:

      Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Sharon Marya Thomas's claim for Supplemental Security Income Benefits ("SSI"). (Paper Nos. 12 and 15). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6. For the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

      Sharon Marya Thomas ("Claimant"), applied for SSI on October 25, 2004, alleging that she had been disabled since July 31, 1998. (Tr. 60). Her claim was denied initially and upon reconsideration. (Tr. 39-46). Claimant had a hearing before an Administrative Law Judge ("ALJ") on June 15, 2007. (Tr. 433-464). After allowing time for Claimant's counsel to provide additional medical records, the ALJ denied her claim in a decision dated February 19, 2008. (Tr. 11-20). The ALJ found that Claimant retained the residual functional capacity ("RFC") to perform a limited range of sedentary work. (Tr. 16-17). The ALJ found that Claimant was not able to perform any of her past relevant work, but that considering her age, education, work experience, and RFC, and after receiving testimony from a vocational expert ("VE"), there were jobs that existed in the national and local economies that she could perform. (Tr. 18-19). Accordingly, the ALJ found that she was not disabled. (Tr. 20). On June 17, 2010, the Appeals Council denied her request for review, making her case ready for judicial review. (Tr. 4-6).

      Claimant presents several arguments in support of her contention that the Commissioner's final decision is not supported by substantial evidence. She first argues that the ALJ failed to accord adequate weight to the opinion of her treating physician and erroneously gave more weight to the opinion of the consulting physician. *See* Plaintiff's Memorandum, pp. 7-11. For the reasons that follow, I disagree.

After careful review of the entire record, while more detail certainly could have been included, I find that the ALJ fulfilled her duties and adequately discussed how she considered the medical evidence in this case. The record contains no treatment records from the "treating physician" in question, Dr. Andrew McGlone. The ALJ specifically requested, at the hearing, that Claimant's counsel provide those records from Dr. McGlone. (Tr. 462). If Claimant wanted Dr. McGlone to be considered as a "treating physician," Claimant needed to establish that she sees, or had seen, Dr. McGlone with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for her medical condition. 20 C.F.R. § 416.902. Claimant has not done so. Regardless, a review of the evidence submitted by Claimant demonstrates that the ALJ's evaluation of Claimant's RFC was consistent with two out of the three reports from Dr. McGlone. On March 8, 2007, Dr. McGlone provided his first opinion, in which he opined that Claimant's medical condition prevented her from working for the next year, but then noted in the comments that her ailments merely limit "ability to perform labor requiring her to stand/walk." (Tr. 205-06). Just three months later, on June 14, 2007, Dr. McGlone provided a second opinion on a series of forms addressing Claimant's medical condition after surgery for thyroid cancer. (Tr. 207-11). In those forms, Dr. McGlone indicated that he did not know what side effects Claimant would suffer from her medication (Tr. 207), but he placed no restrictions on her ability to sit and reach during an 8 hour workday (Tr. 209). He indicated, without explanation, that Claimant had frequent difficulties in maintaining concentration, persistence, and pace. (Tr. 210). In the narrative section, Dr. McGlone opined that Claimant's medical condition would prevent her from working, citing "medication side effects of drowsiness limit ability to function with manual labor. She is recovering from surgery which appears to be exacerbating her condition." (Tr. 210-11). However, on August 2, 2007, Dr. McGlone provided a third opinion, in which he reiterated that Claimant's impairments do not affect her ability to sit, and opined that Claimant could perform sedentary work. (Tr. 212-216). Dr. McGlone also specified in his third opinion that Claimant would not have to lie down for any hours between 9 AM and 5 PM. (Tr. 216).

Because Claimant failed to provide the treatment notes from Dr. McGlone, and only provided the three reports from early to mid-2007, the ALJ could not evaluate the factual bases for Dr. McGlone's three opinions. However, the ALJ specifically addressed Dr. McGlone's second opinion, which is the only opinion to reference concentration difficulties and drowsiness. (Tr. 18). The ALJ noted that the second opinion is contradicted by the medical evidence supporting Claimant's ability to perform sedentary work, including the prior and subsequent opinions by Dr. McGlone himself. (Tr. 18). The ALJ also noted that the second opinion from Dr. McGlone contravened the other evidence contained in the record, including Claimant's own function report (Tr. 80-87) and the information from treating physician Dr. Boyer regarding Claimant's non-compliance with her treatment regimen. (Tr. 135-181). Finally, by logical extension, the ALJ determined that Dr. McGlone's second opinion was contradicted by the state agency physicians' reports. (Tr. 18).

In sum, there is no reasonable basis to conclude that Dr. McGlone's opinions were ignored. Two of the three opinions from Dr. McGlone were fully consistent with the RFC determined by the ALJ, which prohibited manual labor and included limited sedentary positions. The single inconsistent opinion Dr. McGlone provided was accorded limited weight for the reasons described by the ALJ.

In light of the analysis of Dr. McGlone's opinions, the comparative weight afforded to the state agency physicians does not provide a basis for remand. SSR 96-6p provides that an ALJ may afford great weight to non-examining state agency physicians' opinions. The ALJ adequately discussed the reasons for affording the State Agency physicians' opinions significant weight. After review of the entire record, I find the ALJ's decision is supported by substantial evidence, including the evidence the ALJ cited in the record. For example, Dr. Leopold Morane, a state agency non-examining physician, stated that Ms. Thomas "has described daily activities that are not significantly limited in relation to her alleged symptoms." (Tr. 187). That function report by Ms. Thomas also provided a primary basis for the ALJ's assessment of the evidence, per the ALJ's discussion. Similarly, Dr. Irving Kramer, another state agency non-examining physician, noted, "ADL's functional & independent . . . does chores, prepares meals, cares for children." (Tr. 200). Finally, Dr. Stephen R. Smith, the consultative examiner for the state, determined that "the patient was found to be capable of sitting, standing, walking, lifting, carrying, and handling objects, hearing, and speaking. " (Tr. 192). Dr. Smith opined that, even pending further medical management which would likely reverse the neuropathy, "the patient would appear to be qualified for job opportunities in which a great deal of walking or standing is not required." (Tr. 194). In light of the correspondence between the evidence cited by the ALJ and the findings of the state agency physicians, all of this evidence was properly considered by the ALJ and I find the ALJ's findings are explained adequately and are supported by substantial evidence.

Claimant next argues that the ALJ did not complete the two-step process for evaluating her allegations of pain. That complaint lacks merit. The Fourth Circuit has developed a two-part test for evaluating a claimant's allegations of pain. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996).

> The first prong of this test requires a determination that there is objective medical evidence of a medical impairment reasonably likely to cause the pain alleged by the claimant. *Id.* The second prong requires the ALJ to consider "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." Id. at 595. However, "a lack of an explicit finding at the first step of the required pain analysis does not constitute reversible error if the ALJ cites to substantial evidence to support his overall finding on [the claimant's] subjective complaint of pain." *Ketcher v. Apfel*, 68 F.Supp.2d 629, 651 (D.Md.1999).

*Perkins v. Apfel*, 101 F.Supp.2d 365, 373 (D. Md. 2000). The ALJ has cited to substantial evidence to support her overall finding on Claimant's subjective complaint of pain. First, the ALJ expressly found that Claimant suffers from pain, (Tr. 16), but simply determined that Claimant's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible." (Tr. 17). Specifically, the ALJ cited to Claimant's non-compliance with treatment regimens, and to Claimant's own assessment of her ability to perform all of her previous activities of daily living "but work." (Tr. 18). Those activities included child care, housework, shopping, cooking, and playing sports. (Tr. 18). Those citations constitute substantial evidence to support the ALJ's determination, and the lack of explicit findings at the first step of the pain analysis therefore does not constitute reversible error.

3

I also find no merit in Claimant's next argument, because the hypothetical presented to the VE was supported by substantial evidence and adequately included all the limitations that were deemed credible by the ALJ. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988).

In the present case, the ALJ posed a hypothetical to the VE regarding an individual with the conditions and limitations found credible by the ALJ. This hypothetical specifically mentioned pain, neuropathy, and climbing and standing restrictions. (Tr. 460). In response, the VE identified several sedentary jobs in the local and national economies. (Tr. 460). The ALJ also complied with her duty to inquire whether the VE's findings conflicted with the DOT. *Cline v. Chater*, 82 F.3d 409 (4th Cir. 1996); *See also* SSR 00-4p. (Tr. 19).

Claimant's final arguments relate to the determination of her RFC, particularly whether the ALJ considered the side effects of pain medications and performed a function-by-function assessment of Claimant's capacity. I disagree with Claimant's positions. The ALJ's RFC determination, restricting Claimant to sedentary work, comported with the extremely limited medical evidence regarding any side effects from medication. *See* Tr. 211 (Dr. McGlone's report that "[m]edication side effects of drowsiness limit ability to function with manual labor."). The only evidence of more significant limitations from side effects of pain medications came from Claimant's testimony which, as addressed above, was judged not credible by the ALJ. (Tr. 17). Moreover, the ALJ's determination of Claimant's ability to do sedentary work, in addition to the narrative discussion of Claimant's symptoms and the medical source opinions, sufficed even in the absence of an express function-by-function analysis. *Knox v. Astrue*, 327 Fed.Appx. 652, 657 (7th Cir. 2009) ("[T]he expression of a claimant's RFC need not be articulated function-by-function; a narrative discussion of a claimant's symptoms and medical source opinions is sufficient.") (citing *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005)).

Thus, for the reasons given, this Court GRANTS the Commissioner's Motion for Summary Judgment and DENIES Claimant's Motion.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate Order shall issue.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge